[Civ. No. 7358. Third Dist. Oct 15, 1947.]

DELFINA TARASCO, Respondent, v. THURMON DEVINE MOYERS et al., Defendants; CHRISTIANA FARMS COMPANY (a Copartnership) et al., Appellants.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Appellants.

C. Ray Robinson and Margaret A. Flynn for Respondent.

THOMPSON, J.—This is an appeal from an order granting a new trial against appellants on the ground of insufficiency of the evidence, after a verdict and judgment had been rendered in favor of all defendants, in a suit for damages for personal injuries sustained by plaintiff while she was riding as a passenger in an automobile stage which collided with a Ford sedan on the highway, which Ford machine was being operated by appellants' employee.

The appellants contend that the court abused its discretion in granting the new trial because a lack of evidence of the relationship of master and servant between appellants and their employee at the time of the accident. The driver of the Ford sedan was employed by appellants as a farm hand to irrigate alfalfa on their ranch. After completing the irrigation for the day he was returning to headquarters on the same farm in his own automobile, with his working tools in his machine when the accident occurred. Appellants furnished him with gasoline for that purpose and supplied him with his residence at headquarters, free of rental, as a part of his compensation. He was required to drive from the field to headquarters down a private roadway to the highway and thence along the highway a short distance. The headquarters and residence were situated on the easterly portion of the farm about a quarter of a mile from the highway.

The evidence shows that the codefendant Thurmon Devine Moyers, under the name of Moyers Stages, owned and operated a passenger stage line, as a common carrier, on the public highway in Merced County. The appellants owned and operated a 1,738-acre farm adjacent to the highway, upon a portion of which a field of alfalfa was growing. On the eastern portion of that same farm the appellants owned a building called the "headquarters." A ditch intervened between the alfalfa field and that building. To reach that building, workmen in the alfalfa field were required to drive southerly along a private road to its intersection with the public highway, and thence easterly along the highway a short distance to the headquarters building. Dave Connell, a young married man, had been employed by the appellants as a farm hand

for about four years prior to the time of the accident, which occurred about 7:05 p. m. on May 13, 1945. He was hired by the day, which usually consisted of 11 hours' work from 8 a. m. to 7 p. m., with one hour off duty during the luncheon time. He owned and drove his own car to and from the field. The appellants furnished him five gallons of gasoline per week for use in the car for that purpose. On the day of the accident Connell finished irrigating the alfalfa about 7 p. m. He immediately left the field in his car, which contained his working tools. The tools were kept at the headquarters, where he resided. Regarding the custom of returning the tools to headquarters, and the furnishing of his residence at headquarters "free of cost," the following evidence of Mr. Goodman, the manager of the ranch, appears in the record:

"Mr Hansen: . . . They kept the shovel and equipment and boots up there at the main headquarters? A. Dave kept his own equipment in his car. Q. And he would put it in the car and take it back there and bring it out? A. Yes, sir. Mr. Robinson: . . . You furnished him his house for his wife and self *for his employment?* A. That is right. Q. Free of charge? A. Yes. Mr. Conley: Q. This equipment, Mr. Goodman, as I understand it Mr. Connell kept his shovels and equipment in his car all the time? A. That is right."

Johnnie Bomboy, the driver of the Moyers stage, testified that he left Modesto at 6:30 p. m. on the day of the accident and drove easterly along the highway. When he reached the Christiana farm about 7:05 p. m. he was traveling at the rate of 50 miles per hour. The highway was level, straight and paved at that point. It was then daylight. The intersection of the highway and the private road was in plain view for some distance therefrom on both thoroughfares. There was no obstruction to prevent a clear view. Bomboy saw Connell, with whom he was personally acquainted, when his Ford car was distant some 50 feet or more from the intersection. Bomboy waved at him, but Connell did not reply. Bomboy said he did not know whether Connell saw him. Bomboy did not continue to watch Connell as he approached, but turned his head away. When he next saw Connell's machine, it was directly ahead of his stage. He promptly applied his brakes but was unable to avoid the collision. The stage struck the Ford machine with great force on its left side, demolishing the car and shoving it a distance of about 140 feet to the south side of the highway. Connell was instantly killed.

The plaintiff brought suit for damages, on the theory of concurrent negligence, against the stage company and its driver, and the Christiana Farms Company and A. E. Christiana, as the employers of Connell, on the assumption of imputed negligence. The cause was tried with a jury, which returned a verdict in favor of all defendants. A new trial was granted with respect to appellants, on the ground of lack of evidence to support the judgment, and denied as to the other defendants. This appeal was then perfected.

In determining the question of whether the court abused its discretion in granting the new trial as to the appellants, it is necessary to find whether there is substantial evidence in the record, or reasonable inferences to be drawn therefrom, that Connell was guilty of negligence which proximately contributed to the accident, and whether the acts which he was then performing were part of the services for which he was employed, so as to impute that negligence to appellants on the doctrine of *respondeat superior* or master and servant.

We are of the opinion the court did not abuse its discretion in granting the new trial. In support of the order, it seems reasonable to infer from the evidence that Connell was guilty of negligence which proximately contributed to the accident, and that his acts were performed in fulfillment of the duties required by his employment. With respect to the issue of negligence, the appellants are entitled to the benefit of the rebuttable presumption that Connell exercised ordinary care in driving onto the highway. (Code Civ. Proc., § 1963, subd. 4; *Blackmore* v. *Brennan,* 43 Cal.App.2d 280, 284 [110 P.2d 723].) But the fact that he deliberately drove onto the highway just ahead of the approaching stage which was traveling at a rapid rate of speed, without yielding the right of way as required by section 553 of the Vehicle Code, in broad daylight when the entire intersection and the stage were in plain view, warranted the court in assuming that the presumption was thereby dispelled. Even though reasonable minds might differ regarding that issue, we may not hold that the court abused its discretion in granting the new trial, so far as that issue is concerned.

The more serious question is whether the evidence adequately shows that Connell was performing one of the duties of his employment at the time of the accident. The attorney for appellants has very forcefully contended in his excellent briefs and on oral argument that the evidence utterly

fails to show that Connell was acting within the scope of his employment at the time of the accident. He insists that Connell was merely returning to his home in his own car after his day's work had been completed. We have concluded, however, that there is sufficient evidence and reasonable inferences to be drawn therefrom, to distinguish this case from the ordinary rule exempting liability for injuries received in "going to or coming from" the place of employment. It is true that Connell's usual working hours as a farm hand were from 8 a. m. to 7 p. m.; that he was driving his own car in returning to his residence at the time the accident occurred. But it is reasonable to infer from the preceding quoted evidence that he was required to return his field working tools each evening to the "headquarters" of his employer on the same farm, rather than to leave them in the field, and that the employer allowed him five gallons of gasoline per week for that purpose. The tools were found in his car after the accident occurred. Moreover, he was furnished by his employer a residence at "headquarters" on the same ranch for himself and wife, free of cost, as a part of the consideration for his employment, to which he was returning when the accident occurred. It is immaterial that the tools were actually left in the car overnight, instead of storing them in some other place on the premises. These facts indicate that Connell was actually engaged in performing a part of his duties of employment in going to his allotted residence on the farm and in returning his working tools after the irrigating of the alfalfa had been completed for the day. (*Truck Insurance Exchange* v. *Industrial Acc. Com.*, 27 Cal.2d 813 [167 P.2d 705].)

In determining whether Connell was engaged in the performance of his duties in going to his assigned residence furnished by the employer on the premises where he worked, and in returning his tools to "headquarters" it is said in 1 Restatement of the Law of Agency, 508, section 229(j) that:

"A servant is authorized to do anything which is fairly and reasonably regarded as incidental to the work specifically directed or which is usually done in connection with such work."

The ordinary "going and coming rule" (1 Campbell's Workmen's Compensation, 146, § 163) does not apply to the circumstances of this case. Where the contract of employment contemplates that the employee shall eat and sleep on the premises of the employer, under the recognized "bunkhouse

rule," injuries received thereat incident to assigned duties may be deemed to have occurred in the course of employment. (1 Campbell's Workmen's Compensation, 188, § 196.) If the employee is required to travel on the public highway in performance of a service for the employer, even though he is then returning "to his business headquarters or to his home," when he is injured in a highway collision, the employee may be deemed to be acting in the course of his employment. (1 Campbell's Workmen's Compensation, 192, § 200.) In the following section of the last-cited authority it is said that:

"The fact that a servant furnishes his own conveyance and is left to his own devices in the performance of his duties does not sever the relation of master and servant nor take him out of the scope of his employment. This is particularly true where the nature of his employment is such as to require the use of some means of conveyance, but none is furnished by the employer. The use of his own automobile is properly regarded as an incident of his employment."

In the present case the furnishing of gasoline for use of Connell's car in going to and coming from his residence on the same property, and in conveying the tools to the headquarters, indicates that such service was intended to be within the scope of employment. ■ Of course, the burden was on plaintiff to prove that the relationship of master and servant existed at the time of the accident, and that the wrongful act of the employee was performed within the scope of employment. (16 Cal.Jur. 1110, § 67.) ■ But those questions are for the determination of the jury (*Poncino* v. *Reid-Murdoch & Co.*, 212 Cal. 325 [298 P. 818]; 16 Cal.Jur. 1111, § 67; 39 C.J. 1361, § 1591), or for the decision of the court on motion for a new trial, unless there is no evidence or reasonable inferences from which such conclusions may be drawn. Where there is evidence of the employment and of the acts complained of which are within the course of employment, or incidental thereto, as there is in this case, we may not interfere with the discretion of the court in that regard.

The numerous cases cited by the appellants on the foregoing issues are distinguishable on the facts from the present case. Many industrial accident cases under the Workmen's Compensation Act are cited and relied upon by both parties. Courts are required to liberally construe the provisions of divisions IV and V of that act in favor of injured workmen. (Lab. Code, § 3202.) In industrial accident cases it has been held that the

commission may consider hearsay evidence in determining the liability. (*London Guarantee & Accident Co.* v. *Industrial Acc. Com.*, 203 Cal. 12, 14 [263 P. 196].) Such distinctions, however, merely apply to the weight or rules of evidence and not to the principles of law governing the liability created on doctrines of master and servant or *respondeat superior*. That liability applies to both classes of cases. Keeping in mind the distinctions with relation to procedure and adequate proof, the industrial accident cases are applicable to the present suit.

We conclude there is ample evidence in this case to show that Connell was engaged at the time of the accident in the performance of a duty incident to his employment by appellants, and that the court therefore did not abuse its discretion in granting a new trial as to them.

The order is affirmed.

Peek, J., and Adams, P. J., concurred.