## Flick v. Blount

*F. Paul Laubner*, for plaintiff.
*Robert E. Donatelli*, for defendant.

BACKENSTOE, *J.*, June 22, 1978—This case arose out of an incident which allegedly occurred on May 6, 1977, when defendant Robert H. Blount, Sr., while on his job as a garbage collector, struck

plaintiff on the head with a baseball bat.[1] At the time of the attack Blount was in the employ of defendant S.C.A. Services, Inc. (SCA), a sanitation company. Plaintiff has brought the instant action against Blount and SCA, asking compensatory and exemplary damages. With respect to SCA, plaintiff seeks to recover both on the principle of respondeat superior and on the theory that SCA was negligent in hiring Blount and retaining him in its employ. Defendant SCA has filed preliminary objections in the nature of a demurrer alleging that no cause of action exists in Pennsylvania against an employer for the negligent employment of an employe who has committed a battery upon a third person and that defendant Blount's actions were so outrageous that they must be considered outside the scope of his employment as a matter of law. After careful study of these questions we conclude that plaintiff's complaint sufficiently states a cause of action on both theories.

The essential averments of plaintiff's first count asserting SCA's liability for the negligent employment of Blount are contained in paragraphs 11 and 12 of the complaint:

"11. Defendant, SCA Services of Pennsylvania, Inc., knew or should have known that defendant, Robert H. Blount, Sr., had a vicious nature and was capable of inflicting great bodily harm on individuals.

"12. The owner was negligent in continuing to employ Robert H. Blount, Sr., despite knowledge of

---

1. The alleged incident took place in the vicinity of Tenth and Liberty Streets in the City of Allentown.

his vicious characteristics and failing to take any steps to safeguard plaintiff from the conduct of defendant, Robert H. Blount, Sr."

Defendant contends that Pennsylvania courts do not recognize a cause of action by a third person against an employer for the negligent hiring or retention of an employe. We disagree.

The courts of this Commonwealth have long recognized that under certain circumstances an employer has a duty of care in the selection and retention of employes who in the course of their employment might cause harm to others. In Frazier v. Pennsylvania R.R., 38 Pa. 104 (1861), in which a brakeman sued the railroad for injuries he alleged were caused by the negligence of a fellow employe, the court approved a jury instruction stating that it was the railroad's duty to employ careful and prudent conductors and if the railroad continued to employ someone in that capacity whom it knew to be careless, it would be negligent.[2] In a more recent case, Dempsey v. Walso Bureau, Inc., 431 Pa. 562, 246 A. 2d 418 (1968), the Pennsylvania Supreme Court reaffirmed that the principles of Restatement, Torts, §317 were part of Pennsylvania law, and the court impliedly adopted Restatement, 2d, Agency, §213.[3] Restatement, Torts, §317, dealing with the duty of the master to control the conduct of his servant, provides, in part, as follows:

2. Accord, Rosenstiel v. Pittsburg Railways Co., 230 Pa. 273, 79 Atl. 556 (1911) (motorman killed by carelessness of fellow employe).

3. In Dempsey a night dispatcher at a bus company sued the corporation responsible for providing the bus company with security guards for a battery committed by one of its guards.

"A master is under a duty to exercise reasonable care so to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

"(a) the servant . . .

"(ii) is using a chattel of the master, and

"(b) the master

"(i) knows or had reason to know that he has the ability to control his servant, and

"(ii) knows or should know of the necessity and opportunity for exercising such control." Restatement, Torts, §317 (1934).

Section 213 of the Restatement, 2d, Agency, provides, in part:

"A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . .

"(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others." Restatement, 2d, Agency, §213 (1958).

Relying on the language of a California case, the court in Dempsey stated the basic rule of law in cases of this type:

" 'The cases hold that the knowing *employment* of a dangerous employee who inflicts injury upon a fellow employee constitutes a common law tort on

---

The court held that the evidence was insufficient to show either that the security guard had vicious or dangerous propensities or that defendant employer knew or had reason to know of such propensities.

the part of the employer. Indeed the employer railroad at common law owed a duty to its employees to use "reasonable care . . . in the selection of competent fellow servants and in the retention in his service of none but those who are . . . . " [citing authorities]. Moreover, "there could be no difference whether the injury result from negligence in doing the master's work, or from an assault made by a dangerous, drunken and desperate employe, if his reputation was such that the master might reasonably have foreseen such consequences [citing an authority]." ' In that case, the employee of the railroad, who was known to be quarrelsome and quick-tempered as well as a 'drinking man,' assaulted a fellow employee. The court considered two questions: (1) whether the railroad was negligent in 'employing and retaining' the assaulter, and (2) whether the acts of the employee could be imputed to the railroad. Denying liability on the doctrine of *respondeat superior*, the court submitted the case to the jury on the theory of the employer's negligent hiring and retention of the employee. Other authorities, including the Restatements of Agency and Torts, recognize the employer's duty as to the proper selection of his employees. Section 213 of Restatement, 2d, Agency, states: 'A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: . . . (b) in the employment of improper persons. . . .' The comment under that section declares further: 'An agent, although otherwise competent, may be incompetent because of his reckless or vicious disposition, and, if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with

others while in the performance of a duty, he is subject to liability for harm caused by the vicious propensity. . . .' " 431 Pa. at 567-68, 246 A. 2d at 421, quoting Najera v. Southern Pacific Company, 191 Cal. App. 2d 634, 13 Cal. Rptr. 146, 148, 149 (1961) (Emphasis is Pennsylvania Supreme Court's). Although the Dempsey court's discussion of section 213 is merely dictum, it appears as though the court accepted the section as stating a basic rule of law.[4] Accordingly, we conclude that a cause of action against an employer for the negligent or reckless employment of improper persons as stated by Restatement, 2d, Agency, §213, is part of the law of this Commonwealth.[5]

Defendant contends further that, assuming Restatement, 2d, Agency, §213 is adopted, plaintiff's cause of action must fail because Blount's job was not work involving risk of harm to others. We are not prepared at this time to say that Blount's job was not the type of work that would raise a duty of care on the part of his employer in the selection and retention of employes. The question of whether such a duty existed in this case is for the trier of fact. See Monty v. Orland, 169 Cal. App. 2d 620, 337 P. 2d 861, 864 (1959).

Defendant next demurs to plaintiff's second count on the grounds that on the facts pleaded defendant was acting outside the scope of his em-

---

4. While Najera v. Southern Pacific Company, supra, concerned an assault on a fellow employe, Dempsey dealt with an assault on a third person. Moreover, we note that Restatement, 2d, Agency, §213 is not limited to "fellow servant" situations.

5. On the subject of negligence in the selection or retention of an employe, see generally Annot., 34 A.L.R. 2d 372, 390, §9.

ployment as a matter of law. This objection is premature. While it is true that an assault by an employe, albeit committed in furtherance of the employer's business, may, nevertheless, be considered "outside the scope of employment" as a matter of law when done in an outrageous manner (see Lunn v. Yellow Cab Co., 403 Pa. 231, 235, 169 A. 2d 103, 104-105 (1961)), the facts as pleaded in plaintiff's complaint will not sustain a demurrer. Normally, the scope of an agent's authority is a question for the trier of fact: Anzenberger v. Nickols, 413 Pa. 543, 198 A. 2d 309 (1964); Pillo v. Jim Banes Ford, Inc., 410 Pa. 417, 189 A. 2d 850 (1963); Exner v. Safeco Insurance Co., 402 Pa. 473, 167 A. 2d 703 (1961).

Since it is undisputed that punitive damages can be recovered from an employer for the tortious acts of his employees, defendant's demurrer to plaintiff's claim for punitive damages against SCA is denied. See Lake Shore & Michigan Southern Railway v. Rosenzweig, 113 Pa. 519, 544, 6 Atl. 545, 553 (1886).

## ORDER

Now, June 22, 1978, for the reasons set forth in the accompanying opinion, it is ordered that defendant SCA Services of Pennsylvania, Inc.'s preliminary objections to plaintiff's complaint are dismissed.