[No. B077727. Second Dist., Div. Two. Sept. 6, 1994.]

JAMES THORN et al., Plaintiffs and Appellants, v.
CITY OF GLENDALE, Defendant and Respondent.

### COUNSEL

Simke, Chodos, Silberfeld & Anteau, Steven D. Archer and Ellen R. Rosen for Plaintiffs and Appellants.

Scott H. Howard, City Attorney, and Ron R. Braden, Assistant City Attorneys, for Defendant and Respondent.

Pollak, Vida & Fisher and Girard Fisher as Amici Curiae on behalf of Defendant and Respondent.

### OPINION

**GATES, Acting P. J.**—James Thorn and his business, Glendale Spa City, Inc. (Spa City), appeal from a judgment upon demurrer entered in favor of the City of Glendale (Glendale) in their action against Glendale and its employee and fire marshal, John Orr, for fire damage to Spa City. The complaint alleges that Orr set a fire at Spa City while acting in his official capacity and that Glendale is liable for the ensuing loss both under respondeat superior principles and for negligently supervising Orr. Appellants contend:

"[I.] John Orr was acting within the scope of his employment for the City of Glendale when he set the incendiary devices which damaged appellants' premises. [II.] The City is liable for negligently supervising its fire marshal."

Upon appeal from the sustaining of a demurrer without leave to amend, we assume the truth of all facts properly pleaded in the complaint. "If on consideration of all the facts stated it appears that the plaintiff is entitled to

any relief, the order of dismissal upon the sustaining of a demurrer should be reversed. [Citation.]" (*Hill* v. *People* ex rel. *Dept. of Transportation* (1979) 91 Cal.App.3d 426, 429 [154 Cal.Rptr. 142].)

The complaint alleges the following. On February 22, 1991, Orr entered Thorn's premises under color of authority to conduct a fire inspection. He then committed arson by setting incendiary devices which destroyed the premises and the business conducted thereon. Since Orr was acting within the scope of his employment, Glendale is liable for the resulting damage. Moreover, Glendale knew or should have known that the fire marshal was an arsonist and negligently failed to supervise him.

■ Appellants urge that Glendale is liable under the doctrine of respondeat superior because Orr's alleged acts were committed within the scope of employment.[1] They rely, inter alia, upon our Supreme Court's holding in *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202 [285 Cal.Rptr. 99, 814 P.2d 1341], which expanded the scope of vicarious governmental liability to cover the rape of a woman by an on-duty police officer.

Historically, the scope of employment doctrine has been limited to acts which are directly or indirectly in furtherance of the employer's purpose, precluding vicarious liability for criminal acts not related to the employer's enterprise. Section 228 of the Restatement Second of Agency, which states the traditional rule, provides in relevant part that an act is within the scope of employment only if "(a) it is of the kind [the employee] is employed to perform; [¶] (b) it occurs substantially within the authorized time and space limits; [¶] (c) it is actuated, at least in part, by a purpose to serve the master, and [¶] (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master."

Under that test, employers have been held liable for the wrongful and unauthorized acts of their employees where they were committed in the course of a series of acts of the agent which were authorized by the principal. (See *Fields* v. *Sanders* (1947) 29 Cal.2d 834 [180 P.2d 684, 172 A.L.R. 525] [truck driver strikes motorist with wrench in course of dispute over driving incidents]; *Carr* v. *Wm. C. Crowell Co.* (1946) 28 Cal.2d 652 [171 P.2d 5] [employee of subcontractor throws hammer at employee of a general contractor in the course of a dispute]; *Ruppe* v. *City of Los Angeles* (1921) 186 Cal. 400 [199 P. 496] [city employee assaults an apartment

---

[1]Subdivision (a) of section 815.2 of the Government Code provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

building manager while attempting to enter a building to install city electrical meters]; *Jones* v. *City of Los Angeles* (1963) 215 Cal.App.2d 155 [30 Cal.Rptr. 124] [assault and battery by police officers].)

No liability arises " 'where the agent for however brief a space of time, has ceased to serve his principal . . . .' " (*Fields* v. *Sanders, supra,* 29 Cal.2d at p. 839, quoting *Andrews* v. *Seidner* (1942) 49 Cal.App.2d 427, 430 [121 P.2d 863]; see *Martinez* v. *Hagopian* (1986) 182 Cal.App.3d 1223, 1229 [227 Cal.Rptr. 763] [farmworkers kill visitor to farm over dispute about the treatment of another visitor's wife]; *Golden West Broadcasters, Inc.* v. *Superior Court* (1981) 114 Cal.App.3d 947, 955 [171 Cal.Rptr. 95] [stage manager on assignment away from home engages in barroom brawl with stranger]; *Monty* v. *Orlandi* (1959) 169 Cal.App.2d 620, 623 [337 P.2d 861] [bartender assaults plaintiff over personal dispute].)

■ More recently, our Supreme Court stated, " 'A risk arises out of the employment when "in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations.] In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one 'that may fairly be regarded as typical of or broadly incidental' to the enterprise undertaken by the employer. [Citation.]" ' " (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d at p. 209.)

■ Policy reasons suggested for imposing vicarious liability include that it will tend to (1) provide a spur towards accident prevention; (2) provide greater assurance of compensation for accident victims; and (3) assure that accident losses will be broadly and equitably distributed among the beneficiaries of the enterprise that entail them. (*John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 451 [256 Cal.Rptr. 766, 769 P.2d 948]; *Perez* v. *Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967 [227 Cal.Rptr. 106, 719 P.2d 676].)

■ None of the foregoing tests favor liability in the present case. A fire marshal's entering a building and setting an incendiary device for the purpose of burning it down is so startling and unusual an occurrence as to be outside those risks which should fairly be imposed upon the public employer. The alleged act did not arise from the pursuit of the employer's purpose but was rather the result, we must assume, of a personal compulsion.

While Orr's ability to request access to private areas of a building arose from his employment, that ability is not unique. Similar permissive access is available to security guards, repairpersons, and utility workers. Glendale would have no greater reason to guard against and deter the alleged acts than

would employers of other workers whose duties entail their entering private premises. Moreover, property damage resulting from fire, as distinguished from personal injury and trauma, is commonly insurable by the business enterprise victim. In truth, property owners would appear far better able to insure against the loss than would the public entity, particularly where the conduct in question is felonious in nature.

*Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d 202, relied upon by appellants, is distinguishable in each of these particulars. There our Supreme Court imposed respondeat superior liability for rape by an on-duty police officer, emphasizing that a police officer is entrusted with "extraordinary power and authority over its citizenry." (*Id.* at p. 216.) The court contrasted that authority with the role of a school ground custodian accused of rape in *Alma W.* v. *Oakland Unified School Dist.* (1981) 123 Cal.App.3d 133 [176 Cal.Rptr. 287]: "The danger that an officer will commit a sexual assault while on duty arises from the considerable authority and control inherent in the responsibilities of an officer in enforcing the law. Those responsibilities do not at all resemble the duties of a school custodian, as involved in *Alma W., supra.*" (*Mary M.* v. *City of Los Angeles, supra,* 54 Cal 3d at p. 218.)

*Mary M.* distinguished but did not overrule *John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d 438, which applied "the historical and perhaps still prevailing point of view" that an employer could not be held vicariously liable for the criminal act of an employee committed in furtherance of the employee's personal purpose. (*Id.* at p. 448 [teacher's sexual molestation of student].) In so doing, the majority opinion of our Supreme Court appears to have established a special rule for the independent wrongful acts of police officers based upon their unique position of both trust and power in our society. We decline to extend that holding to one not equally endowed with authority, particularly where the victims of an employee's aberrant behavior can, and virtually always do, guard themselves against the economic loss incurred.

■ Thorn also urges on appeal that Glendale is liable for negligent supervision of its fire marshal. Glendale takes the position that negligent supervision was waived below, and that in any event there is no statutory authority for an action based upon negligent supervision under the facts of the present case and that Glendale is immune from such liability.

We note first that Glendale raised the issues of statutory authority for negligent supervision and immunity in its points and authorities in support of its demurrer. Appellants did not address those issues, but urged only that Orr's alleged arsonist activities fell within the scope of his employment as fire marshal and that therefore Glendale was liable under the doctrine of

vicarious liability. Even assuming the issue may be raised for the first time on appeal (see *Kittle* v. *Lang* (1951) 107 Cal.App.2d 604, 610 [237 P.2d 673]), we find it unpersuasive.

Appellants rely upon *John R.* v. *Oakland Unified School Dist., supra*, and *Virginia G.* v. *ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848 [19 Cal.Rptr.2d 671], in support of liability. In *John R.*, however, the issues of statutory authority and immunity were not discussed; the defendant had successfully demurred on the ground of timeliness below. In *Virginia G.*, the court ruled that the plaintiff could proceed with the cause of action for negligent hiring and supervision because a "special relationship" is formed between a school district and its students to take all reasonable steps to protect its students (*id.* at p. 1853) and reserved the issue of public entity immunity for negligent supervision. We reject appellants' claim, made for the first time in their reply brief, that a special relationship was formed when Orr undertook an inspection. (See also *Cochran* v. *Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 410 [205 Cal.Rptr. 1] [immunity for inadequate fire inspection services based upon Gov. Code, § 818.6]; *Harshbarger* v. *City of Colton* (1988) 197 Cal.App.3d 1335, 1345-1347 [243 Cal.Rptr. 463] [immunity for fraudulent building inspection extends to liability based upon negligent supervision.].)

In addition, of course, in view of the exceedingly high cost of modern litigation, from the point of view of a defendant public entity, merely being named in a tort suit places it in a lose/lose situation. Except in those most rare instances permitting the recovery of attorney fees, the more procedural stages through which it must pass prior to vindication, the greater will be its "victorious losses." This problem is particularly acute for today's financially stressed governmental bodies. Consequently, if the governmental bodies' immunity from respondeat superior liability is to be forfeited whenever a plaintiff's counsel elects to add a second count founded on the same facts, but conclusionally couched in terms of negligent supervision, even the limited protection they are now afforded will be essentially eviscerated.

The judgment is affirmed.

Fukuto, J., and Nott, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 1, 1994. Mosk, J., and Arabian, J., were of the opinion that the petition should be granted.