## Kremposky v. Mt. Jessup Coal Co., Ltd., Appellant.

*Negligence — Infants — Railroad — Contributory negligence — Trespassers — Operation of cars on bridge — Permissive way — Choice of ways—Trespass signs—Notice.*

1. Where a walk has become a permissive way, those using it are licensees, and not trespassers, and the rule as to the latter has no

application. As to the former it is the duty of the owner of the premises to exercise reasonable care to avoid inflicting injury upon those using the way.

2. It is the duty of those moving railroad cars over a permissive crossing, to look ahead, and see if the tracks are clear.

3. In an action against a coal company to recover damages for personal injuries to a boy nine years old, the case is for the jury and judgment on a verdict for plaintiff will be sustained, where the evidence tends to show, defendant owned a bridge constructed over a ravine on its private property, on which it operated coal cars on a double track railroad; that on each side of the tracks was a plank walk, four to five feet in width, and protected on the outerside by a railing; that, for many years prior to the accident, people, both adults and children, had used the walk daily as a short cut between two localities, and for other purposes, including attendance on ball games, going for cows, etc.; that, on the day of the accident, plaintiff, in going after cows, was crossing the bridge on one of the walks, with three other boys, and had just passed a coal car standing on the adjoining track, when it suddenly moved forward, as the result of a bump of another car, and knocked him down, so that he was injured; that the car overhung the walk nearly two feet leaving only a narrow space for pedestrians, which space was occupied in part by a pile of coal; that defendant gave no warning of the movement of the cars; and a brakeman, in charge of the cars, testified he could have seen the boys but did not look, although he knew people were accustomed to use the walk.

4. In such a case, it cannot be affirmed, as a matter of law, that plaintiff was precluded from using the walk because of trespass signs posted over fifty feet from the bridge; nor because other boys had been warned to keep away, nor because plaintiff might have gone for the cows by another route.

5. A child, nine years old, will not be held guilty of contributory negligence as a matter of law, but, if of sufficient capacity, may be as a matter of fact, and that is for the jury; so also was the father's act in permitting the boy to go.

Argued February 24, 1920. Appeal, No. 237, Jan. T., 1920, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1916, No. 412, on verdict for plaintiff, in case of Stephen Kremposky, by his father and next friend, John Kremposky and John Kremposky, in his own right, v. Mt. Jessup Coal Co., Ltd. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries to a boy nine years old. Before EDWARDS, P. J.

Verdict and judgment for plaintiff for $2,916.65. Defendant appealed.

*Error assigned* was in refusing defendant's rule for judgment n. o. v.

*W. W. Watson,* for appellant.—A compulsory nonsuit should have been granted: Duff v. Allegheny Val. R. R., 91 Pa. 458; Cawley v. Pittsburgh, C. & St. L. R. R., 95 Pa. 398.

Under all the evidence plaintiff, Stephen Kremposky, was a trespasser and had no right to be upon the bridge: Rogers v. Lees, 140 Pa. 475; Thompson v. B. & O. R. R., 218 Pa. 444; Weaver v. Carnegie Steel Co., 223 Pa. 238; Hagan v. Del. R. Steel Co., 240 Pa. 222; Schleich v. B. & O. R. R., 245 Pa. 184; Phila. & Reading R. R. v. Spearen, 47 Pa. 300; Funk v. Electric Traction Co., 175 Pa. 559; Kline v. Elec. Traction Co., 181 Pa. 276; Kay v. Penna. R. R., 65 Pa. 269; Parker v. Washington Elec. St. Ry., 207 Pa. 438; McKee v. Harrisburg Traction Co., 211 Pa. 47; Keller v. Phila. & Reading R. R., 214 Pa. 83; Mulcahy v. Elec. Traction Co., 185 Pa. 427; Gallagher v. B. & O. R. R., 52 Pa. Superior Ct. 568.

Plaintiff must prove want of ordinary care: Flanagan v. Peoples Pass. Ry., 163 Pa. 102; Brague v. Northern Cent. Ry., 192 Pa. 242.

There were two ways by which Stephen Kremposky could have gone and avoided the accident: Kennedy v. Pittsburgh, 230 Pa. 244; Kennedy v. Philadelphia, 220 Pa. 273; Osborne v. Phila. & Reading Ry., 263 Pa. 472.

*R. L. Levy,* with him *Leon M. Levy,* for appellee.—The case was for the jury: Counizzarri v. P. & R. Ry., 248 Pa. 474.

OPINION BY MR. JUSTICE WALLING, March 15, 1920:

This is an action of trespass brought by a father and minor son to recover for personal injuries to the latter. Defendant had a coal mining plant, including a breaker and other buildings, located on a thirty-five acre tract of land at Jessup, in Lackawanna County. This land was traversed by a ravine over which defendant many years ago constructed a bridge 175 feet long and 26 feet wide. A double track railroad occupied the center of the bridge, on each side of which was a plank walk 4 or 5 feet in width and protected on the outerside by a railing. The railroad was used for the storage and movement of coal cars. The bridge formed part of defendant's plant and as such was private property; however, for many years prior to the accident, people, both adults and children, had been accustomed to use the walks daily as a short cut between Jessup and Winton, and for other purposes, including attendance on ball games, going for cows, etc. This appears from all the evidence and is ample to show that the walks had become permissive ways.

On the afternoon of August 20, 1915, the plaintiff, Stephen Kremposky, nine years old, in going after cows, was crossing the bridge on one of the walks, in company with three other boys, and had just passed a coal car standing on the adjoining track, when it suddenly moved forward, as the result of a bump by another car, and knocked him down so that his left arm fell upon the track and was crushed. The car overhung the walk nearly two feet and left only a narrow space for pedestrians, and plaintiffs' evidence tends to show that a pile of coal occupied a part of such space at the place of accident. Defendant gave no warning of the movement of its cars; in fact, the brakeman in charge thereof testified that he could have seen the boys but did not look, although he knew people were accustomed to use the walk. Defendant's evidence is that it had posted notices forbidding trespassing upon the premises, but none with-

in fifty feet of the bridge; also that it had repeatedly ordered boys from the bridge, but plaintiff was not identified as one to whom such orders had been given. Defendant also offered evidence tending to show that Stephen said a boy had pushed him under the car, but this he denied. The trial judge submitted the case to the jury, including the questions of negligence and contributory negligence, and this appeal by defendant is from judgment entered upon verdicts for plaintiffs.

The only question raised is that the court erred in submitting the case to the jury; not to have done so would have been manifest error. The evidence not only warranted but required a finding that the walk in question had become a permissive way; hence, those using it were licensees and not trespassers, and the rule as to the latter has no application. As to the former it is the duty of the owner of premises to exercise reasonable care to avoid inflicting injury upon those using a permissive way thereon: Counizzarri v. Phila. & R. Ry., 248 Pa. 474; Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162; Lodge v. Pittsburgh & L. E. R. R., 243 Pa. 10; Kay v. Pennsylvania R. R., 65 Pa. 269; Terry v. Delaware, L. & W. R. R., 60 Pa. Superior Ct. 451. Defendant's employees knew the daily use the public made of the walk, and especially that the boys used it in going for cows; also knew the width of the walk, the overhang of the cars and all the conditions. Hence, it might well be found that it was negligence to run a car onto the bridge so as violently to bump another car standing thereon, without warning or looking to see who might be upon the walk; for it falls within the rule that it is the duty of those moving cars over a permissive crossing to look ahead and see if the tracks are clear.

The same principle applies here as in case of playgrounds, where we have often held that children cannot be treated as trespassers in places where they are permitted to play, and that property owners under such circumstances must use reasonable care to avoid injury to the

children.   In Gawronski v. McAdoo, Director General
of Railroads, 266 Pa. 449, the opinion of the court by
Mr. Justice MOSCHZISKER states the rule that, "where a
railroad company permits its yards or tracks to be used
as a playground for children, the corporation is required
to operate its rolling stock with due care to avoid in-
juring such children, and that the ordinary rule, as to
the limited measure of duty owing to trespassers, is in-
applicable"; which is supported by abundant authori-
ties there cited.

It cannot be affirmed as a matter of law that plaintiff
was precluded from using the walk because of trespass
signs posted over fifty feet from the bridge, nor because
other boys had been warned to keep away, nor because
Stephen might have gone for the cows by another route.

It is not clear that, had he been an adult, the court
could have declared him guilty of contributory negli-
gence; however, owing to his age, that question was at
most for the jury to whom it was properly submitted
(Lodge v. Pittsburgh & L. E. R. R., supra; Di Meglio v.
Phila. & R. Ry., 252 Pa. 391; Parker v. Washington
Elec. St. Ry., 207 Pa. 438; Berreski v. Phila. Electric
Co., 67 Pa. Superior Ct. 215), as was the father's act
in permitting the boy to go for the cows.   A child nine
years of age will not be held guilty of contributory negli-
gence as matter of law, but, if of sufficient capacity, may
be as a matter of fact, and that is for the jury.

The judgment is affirmed.