Davis *v.* Tredwell (et al.), Appellant.

Argued May 11, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Daniel G. Murphy,* for appellee.

OPINION BY MR. JUSTICE PARKER, May 26, 1943:
Plaintiff brought this action in trespass and secured a verdict against Michael Tredwell and his employer,

Fanny Tredwell. The court below refused defendants' motions for a new trial and for judgment n. o. v. Judgment having been entered on the verdict, Fanny Tredwell appealed to this court.

Plaintiff, Harriet E. Davis, was injured when one of defendants, Michael Tredwell, backed an automobile against her and knocked her to the ground under circumstances that leave no room for doubt that the jury was warranted in finding, as it did, that her injuries were caused by the negligent operation of the automobile by that defendant. The main contention of appellant is that there was not sufficient evidence to sustain the finding of a jury that Michael was acting at that time within the scope of his employment as the agent of Fanny. She also complains of instructions given the jury by the trial judge.

An examination of the evidence convinces us that it was sufficient to sustain the verdict. Fanny Tredwell had for a number of years operated a curb market for the sale of vegetables and fruit under the name of Millbourne Curb Market, at the southeast corner of West Chester Pike and Glencoe Road. West Chester Pike is a concrete highway and the building occupied by the market is located about twenty-five feet from the concrete. There was no curb at this point but the surface between the paving and the building was covered with gravel and had been used by passengers for a considerable time as a sidewalk. There was a regular bus stop in front of the curb market at the corner of West Chester Pike and Glencoe Road.

On March 21, 1940, at about 10:30 A. M., plaintiff, then more than eighty years of age, was standing near the concrete at a usual stopping place waiting for a bus when Michael Tredwell backed a car he was driving into her and caused the injuries of which she complains. Plaintiff at the time was turned in the opposite direction from which the automobile was backing and she testified that the driver gave no warning of his approach. It was

shown by the pleadings that the place at which she was struck was on property "maintained, occupied and used by Fanny Tredwell", although the public had been permitted to use the place for a long time as a sidewalk and for entering buses.

Fanny Tredwell had owned the curb market for more than three years. Michael, her brother-in-law, and Michael's son had operated the market for her for several years and she did not go there more than once a week. Michael's regular hours of employment were from 8 A. M. to 6 P. M. or later, and he had been engaged in the same line of business for many years.

Plaintiff then produced witnesses for the purpose of showing that Michael was acting as the agent of Fanny in and about her business when plaintiff was struck. This testimony was to the effect that Michael was seen daily waiting on customers, loading automobiles with vegetables of the character sold at the market, carrying packages of vegetables to cars, and engaged in delivering vegetables in cars off the premises for customers. Just prior to the accident Michael, dressed in a white apron, was seen loading an automobile outside the building with vegetables, to get into the car, and to back it against plaintiff. The car appears to have been the property of the other employee, Michael's son.

Defendants offered evidence intended to show that the nephew was the manager of the store, that Michael was a mere employee; that on the morning of the accident Michael was not well and decided to go home about 10 A. M., and that he borrowed his son's car and was on his way to the concrete when plaintiff was struck. He testified that deliveries of the vegetables were made to customers, but only in a station wagon, by an errand boy or the son. But in this connection Michael also gave this significant answer on cross examination: "Q. Leaving orders out of it, you mean you used the station wagon or your boy's car, whatever happened to be there, is that right? A. Why not?" Plaintiff's witnesses said that

there was only one car in sight on the premises when the accident occurred.

We have no difficulty in concluding that it was for the jury to say whether Michael was acting within the scope of his employment when he was driving the car. He was seen garbed in the white apron immediately prior to the accident doing the very thing he had been doing daily for three or more years, to wit: loading a car preparatory to making a delivery of goods sold by Fanny. He was seen to get into the same car and start off with the same car and strike plaintiff; all on her premises. Neither Fanny nor the nephew was called as a witness; this is significant: *Green* v. *Brooks*, 215 Pa. 492, 64 A. 672. Michael, in effect, admitted that while he usually used the station wagon he used the son's car when it was convenient.

"Where the facts are in dispute or more than one inference can be drawn therefrom, the issue whether or not the servant was acting for defendant and within the scope of his employment is for the jury and the surrounding facts and circumstances are to be considered by the jury in this inquiry": *Petruska* v. *Packard Motor Car Co.*, 83 Pa. Superior Ct. 112, 114, citing *Parker* v. *Matheson Car Co.*, 241 Pa. 461, 88 A. 653; *Zondler* v. *Foster Mfg. & Supply Co.*, 277 Pa. 98, 120 A. 705. In short, we are all agreed that a reasonable mind, by logical process, could, without guessing, reach the same conclusion as the jury did.

The court below properly refused to charge the jury, as requested by counsel for appellant, "that the plaintiff, as to Fanny Tredwell, is merely a licensee on the premises . . . and that Fanny Tredwell could only be liable for wilful or wanton negligence." This point overlooked the facts and also the legal distinction between harm caused by active negligence and that arising from natural or artificial conditions on real property. The place where plaintiff was standing was in use as a sidewalk and as a stop for bus passengers. The owner of the prop-

erty owes even to a licensee a duty to use reasonable care to avoid injuring him through active negligence: *Kremposky* v. *Mt. Jessup Coal Co., Ltd.*, 266 Pa. 568, 109 A. 766; *Kapuscianski et al.* v. *Phila. & R. C. & I. Co.*, 289 Pa. 388, 391, 137 A. 619.

There is not any merit in the contention that plaintiff was bound by the answers made by Michael Tredwell when called as on cross-examination. Not only was Michael contradicted as to material facts, in which case plaintiff would not be bound by the answers, but his whole testimony was of such a nature that the jury were justified in disregarding parts of it.

Finally, appellant complains of a part of the charge of the trial judge elicited by an inquiry by one of the jurors, where it was said: "I think you could consider he was still on duty until he left the premises. In that connection you will recall that you have some facts to help guide you. If you believe the plaintiff's testimony, she said that this man in the white apron was putting packages in the car, and he said that he used to put the fruit and things in bags."

It must be admitted that the language used by the trial judge, taken by itself, is ambiguous and is not a satisfactory reply to the inquiry. However, when we view the charge as a whole the complaint does not warrant a reversal of the judgment. The trial judge made it clear to the jury that the one serious and controlling question for the jury to decide was whether, at the time of the accident, the driver of the car was acting as the agent of Fanny or was engaged in his own business, to wit: going home after he had completed his work. As we view the charge, the idea that the judge endeavored to convey was that the jury could take into account the testimony that Michael, while robed in his white apron, was on the premises and still on duty, that is, subject to call, and that he was there engaged in putting packages in the car. This, of course, bore directly on the point in issue. If counsel thought a different meaning could be

taken from the language used he should have been more specific in his objection. We are all of the opinion that a new trial should not be granted on that account.

Judgment affirmed.