Scull, Appellant, *v.* Epstein.

Argued September 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Sidney B. Klovsky,* with him *Gerber & Galfand,* for appellant.

*Lynn L. Detweiler,* with him *Swartz, Campbell & Henry,* for appellee.

OPINION BY RENO, J., November 14, 1950:

Appellant recovered a verdict for $446.75, damages to his automobile incurred in a collision with defendant's truck whose driver allegedly disregarded a traffic signal at a street intersection. Upon a finding of contributory negligence, the court below entered judgment n. o. v. for the defendant.

The collision occurred in the center of the intersection of Fifteenth Street and Fairmount Avenue. Fifteenth Street is 40 to 50 feet wide, runs north and south, and intersects Fairmount Avenue at right angles. Fairmount Avenue is approximately 60 feet wide with a 15 feet wide sidewalk, and runs east and west. An automatic overhead traffic light was operating at the time of the accident, 7.30 p.m., on March 7, 1949.

Appellant was proceeding south in the middle of Fifteenth Street at about 20 miles an hour. The light was green in his favor. When he was 20 to 25 feet north of the north building line of Fairmount Avenue he looked to his left for west bound traffic on Fairmount Avenue and observed an automobile standing still in the middle of Fairmount Avenue, facing west, apparently waiting for the red light to change to green. He saw no other traffic at that time, and he looked a second time, at a point not definitely fixed in his direct examination, when he saw defendant's truck passing the stopped automobile, and traveling west. He testified: "It was right in front of me traveling at a high rate of speed. I slammed on my brakes but it was too late." The front of appellant's car collided with the right side of the truck at the truck's right cab door.

On cross-examination, appellant fixed his points of observation more definitely, and admitted that defendant's truck was in the intersection before he reached it. The pertinent cross-examination follows. "By Mr. Detweiler: . . . Q. About how far was your auto above the curbline when you first looked? A. I was about twenty or twenty-five feet back of the building line. . . . Q. Did you see this truck at that time? . . . A. The first time I looked to my left I didn't see the truck. The second time I looked I seen him coming. Q. Where were you the second time you looked? A. At the building line, just entering Fairmount Avenue. Q. I want to get this straight: Didn't you say the first time you looked you were at the building line? A. I said fifteen or twenty feet north of the building line. Q. And the second time you looked you were at the building line? A. Yes. Q. And then what did you see? A. The truck was coming around this [stopped] car and he was in front of me. Q. How far was the truck from the intersection then? A. *The truck was in the intersection.* . . .

Q. Is that when you saw him going about thirty miles an hour? A. Yes. Q. Thirty to thirty-five, I think you said, when he was in 15th street and you were just approaching the curbline? A. That is right." (Emphasis added.)

Clearly, appellant's conduct contributed to the accident. Before he reached the intersection he saw that defendant's driver had disregarded the red light and was in the intersection. Instead of stopping his own car, he proceeded into the intersection, ignoring or testing an obvious danger. Notwithstanding the presence of the traffic light and its green signal appellant was still obliged to exercise a high degree of care at the intersection. The green signal conferred no authority to proceed across the intersection regardless of other vehicles that were already within it. *Byrne v. Schultz,* 306 Pa. 427, 160 A. 125. A driver must be vigilant to observe conditions on an intersecting highway, even when he is protected by a "Stop" sign or green signal, and if he ignores the approach of an automobile after he sees that it has not stopped he is guilty of contributory negligence. To quote Mr. Justice HORACE STERN's penetrative phrase: ". . . he cannot seek exculpation because of an alleged right to assume something which, as he might readily have observed, was contrary to the fact": *Schall v. Penn Transit Co.,* 352 Pa. 129, 132, 42 A. 2d 278.

The cases upon which appellant relies[1] do not rule this case. None relates to a situation where plaintiff entered an intersection after he saw that another automobile was already within it.

The testimony of a witness for appellant, who was driving a car 20 feet behind appellant's automobile,

---

[1] *Zurcher v. Pittsburgh Rys. Co.,* 353 Pa. 212, 44 A. 2d 581; *Graff v. Scott Bros.,* 315 Pa. 262, 172 A. 659; *Clark v. Phila. Housing Authority,* 161 Pa. Superior Ct. 542, 55 A. 2d 435.

tended to show that appellant was in the intersection before the truck entered it. However, his apparent contradiction of appellant's testimony is not available to appellant. The witness cannot extricate appellant from the position in which he placed himself by his own testimony. Where a plaintiff's testimony shows that he was negligent he cannot complain because the court takes his case as he himself made it, even though another witness does better for him. *Kohler v. Penn'a R. R. Co.*, 135 Pa. 346, 19 A. 1049. See also *Acklin v. McCalmont Oil Co.*, 201 Pa. 257, 50 A. 955; *Downing v. Gault*, 8 Pa. Superior Ct. 52; *Ferguson v. Sturch*, 61 Pa. Superior Ct. 516.

Judgment affirmed.