Lunn *v.* Yellow Cab Company, Appellant.

232

Argued November 29, 1960.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Bernard G. Segal,* with him *William A. Schnader,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*John Patrick Walsh,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 23, 1961:

The plaintiff, John J. Lunn, sued the Yellow Cab Company and one of its cab drivers, Vernon J. Boyd, to recover damages for personal injuries suffered as a result of an assault committed by Boyd on Lunn during the former's working hours.  A jury trial resulted in a verdict in plaintiff's favor against both defendants.  The cab company filed motions for judg-

ment n.o.v. and/or a new trial, which the lower court dismissed. From the judgment entered on the verdict, the cab company appeals.

The only witnesses testifying at trial as to the occurrence were the individuals directly involved. As to why, how and exactly where it occurred, their testimony is in substantial conflict.

The plaintiff, an off-duty policeman, testified that about two o'clock a.m. on September 9, 1956, he approached on foot a yellow cab, standing at a cabstand at the corner of Girard Avenue and 29th Street in the City of Philadelphia. He noticed the driver getting into the cab and whistled to him. The cab started in motion and made a "U" turn on Girard Avenue in order to travel in the opposite direction. The plaintiff yelled to the cab driver that he should be more careful. The cab stopped. Words passed between them and the cab driver asked, "What business is it of yours?" The plaintiff replied that he was a policeman and that it was his business. Boyd alighted from the cab and walked in the direction of the plaintiff, who was standing on the sidewalk twenty to thirty feet away and when he reached a point six or eight feet from the plaintiff, he suddenly lunged at the latter with an open knife. A serious scuffle ensued. A passerby stopped his car and assisted Boyd in punching and kicking the plaintiff.[1] This unknown individual and Boyd left the scene in their respective automobiles. The plaintiff admitted having visited a couple of clubs immediately before, attending a wedding reception earlier in the evening, and consuming a quantity of beer.

---

[1] The plaintiff suffered a stab wound two inches in length in the left upper quadrant of the abdomen which penetrated the abdominal wall; also two stab wounds under the arm pit which damaged the left lung.

Boyd, called by the plaintiff as for cross-examination, testified that the cab was stopped at the cabstand when the plaintiff approached and inquired if he could hire the cab. Boyd told the plaintiff that he had just received a call to pick up a passenger at another address, and that the plaintiff would have to wait for another cab which would be along in a few minutes. The plaintiff then became extremely abusive in his language, reflecting upon Boyd's race and color, and appeared to be very intoxicated. The plaintiff then opened the front door opposite the driver, and attempted to get into the front seat of the cab, but did not do so, while he continued to verbally abuse Boyd. The latter shut off the motor, got out on the driver's side and walked around to the rear of the cab. He stopped momentarily; then, after the plaintiff stepped back from the cab, he walked up and closed the door which the plaintiff had opened. When Boyd turned to walk back to the driver's side, intending to re-enter the cab, the plaintiff hit him, knocked him down and broke his nose. Boyd got up and the plaintiff knocked him down a second time and tried to kick him. Boyd then took out a penknife with a five inch blade and used it in self defense as the fight continued. Two strangers came by in a car, stopped and assisted Boyd in punching the plaintiff.

Who told the truth was, of course, for the jury. There is no question of the sufficiency of the evidence to sustain the verdict and judgment rendered against Boyd; nor has he appealed. In determining whether or not the defendant-cab company is entitled to judgment n.o.v., the narrow question is, whether or not under the proof submitted, the question of respondeat superior was one of fact for the jury. Was the evidence sufficient to support the jury's conclusion that Boyd's assault on Lunn was within the scope of his employment? We conclude to the contrary.

As a general rule "a master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his authority": *Brennan v. Merchant & Co.*, 205 Pa. 258, 261, 54 Atl. 891 (1903). The employee is impliedly authorized to use all reasonable means incident to the performance of his employment. Also, "Where, within the scope of his employment, a servant uses unreasonable means, the master, in certain circumstances, may still be liable": *Howard v. Zaney Bar*, 369 Pa. 155, 157, 85 A. 2d 401 (1952), citing *Brennan v. Merchant & Company, Inc.*, supra. Where, however, the employee commits an act encompassing the use of force so excessive and dangerous, as to be totally without responsibility or reason under the circumstances, the employer is not liable as a matter of law: *Howard v. Zaney Bar*, supra. If the act of assault, although a means of accomplishing an authorized result, is done for personal reasons or in an outrageous manner, it is not done within the scope of the employment. The fact that the act was done in an outrageous manner is indicative that the employee is not actuated by any intent of performing the business of his employer, but rather, that it is done solely through his own private malice: *Potter Title & Tr. Co. v. Knox*, 381 Pa. 202, 113 A. 2d 549 (1955); Restatement, Agency, §§229, 231 and 235.

Under plaintiff's own testimony, this involved a plain street fight some distance from the cab under circumstances totally foreign to the employee's job and for a purpose completely disassociated from it. If Boyd pulled a knife, as plaintiff relates, without any justifiable reason and under circumstances in no way connected with the furtherance of his employer's business and committed the vicious, criminal assault described, he departed from the scope of his employment. He was then on his own. Under such circum-

stances, vicarious liability of the cab company does not exist as a matter of law. These facts present a situation completely dissimilar to that of *Orr v. Wm. J. Burns Det. Agency,* 337 Pa. 587, 12 A. 2d 25 (1940), and *Pilipovich v. Pittsburgh Coal Co.,* 314 Pa. 585, 172 Atl. 136 (1934), and other such factual litigations. Therein the employee was hired and authorized to use force against others in the performance of his duties. This is not the present case.

But it is argued, under Boyd's testimony, the assault was closely connected to the moment when the plaintiff was trying to become a passenger and enter the cab. This it is urged is in line with the cab driver's job and part of a transaction involving his work in the transportation of passengers and in the protection of his employer's property. In other words, plaintiff now urges that we completely disregard portions of his own testimony, consider the same as untrue and substitute therefor certain specific statements included in Boyd's testimony as to where and when the fight occurred.[2] But in the situation this case presents, plaintiff is bound by his own testimony. It was clear and unequivocal and constituted the gravamen of his case. It related to objective, not subjective matters. It did not consist of guesses, estimates, conclusions or expressions of opinion. Nor did it consist of observations of happenings concerning which plaintiff might reasonably be expected to have been mistaken. Since plaintiff's own testimony failed to prove a case against the defendant-cab company, we must take the "case as he himself made it," *Scull v. Epstein,* 167 Pa. Superior Ct. 575, 579, 76 A. 2d 245 (1950). See also *Roche v. Pennsylvania Railroad Company,* 169 Pa. Superior Ct. 48, 82 A. 2d 332 (1951).

---

[2] If Boyd's testimony is accepted in toto, plaintiff was the aggressor and responsible for the occurrence.

The judgment entered below against the Yellow Cab Company is, therefore, reversed and is herewith entered in favor of the defendant.