613 A.2d 674

**Nycea NELSON, Personal Representative/Administratrix of the Estate of Woodrow Marvin Nelson, Deceased, Appellant,**

v.

**CITY OF PHILADELPHIA, George Sambor, Commissioner of Police, City of Philadelphia, Police Officer Wilma J. Miller, Badge No. 3472 and John J. Miller, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided Aug. 7, 1992.

J. Michael Farrell, for appellant.

Marie Lasota, Asst. City Sol., for appellees.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Nycea Nelson, Administratrix of the Estate of Woodrow Marvin Nelson, deceased, (Nelson), appeals an order of the Court of Common Pleas of Philadelphia which granted motions for summary judgment and dismissed Nelson's complaint against the City of Philadelphia (City), Gregore Sambor (Sambor) [1], the Commissioner of Police and Wilma J. Miller (Officer Miller), a City police officer. We affirm in part and vacate and remand in part.

The decedent was shot and killed by John Miller, the husband of Officer Miller. In the shooting John Miller used Officer Miller's service revolver and ammunition which he took from an open bag in the couple's bedroom. Thereafter, Nelson filed the present complaint against the defendants named above. Additionally, Nelson sued John Miller. Nelson alleged that the City was negligent on two theories. She first alleged that the City had failed to institute policies or regulations concerning the care and handling at all times of service revolvers. Nelson also alleged that the City was liable on the theory of *respondeat superior* with regard to Officer Miller. Nelson alleged that Officer Miller was negligent in allowing John Miller access to the revolver, knowing that he had a criminal history involving crimes of violence.

The City, Officer Miller and Sambor moved for judgment on the pleadings; that request was denied by the Honorable Alfred J. DiBona, Jr. Those same defendants later filed a motion for summary judgment which was granted by the Honorable Gene D. Cohen. The present appeal followed.

Before the trial court, the City defendants argued that summary judgment should be granted in their favor because (1) the decedent, a victim of a crime, was owed no duty since there was no special relationship between the decedent and the police. They also argued that they were immune under 42 Pa.C.S. §§ 8541–8542. The trial court ruled in favor of the City defendants, relying upon *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The court explained that

1. Mr. Sambor's first name is spelled three different ways in the record in this case.

the alleged negligence did not fall within any of the enumerated exceptions to immunity. It also stated that regardless of that shortcoming, *Mascaro* prevented the imposition of liability against the municipality for criminal acts of third parties. Finally, the court held that Officer Miller owed no duty to the decedent.

 A motion for summary judgment can be granted only in those cases where there is no dispute concerning any material factual question. Pa.R.C.P. 1035(b). Furthermore, the motion can be granted only in those cases where the right to relief is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986). We must review all well pled facts and the evidence in the light most favorable to the non-moving party and resolve any doubt in favor of the non-moving party. *Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh*, 101 Pa.Commonwealth Ct. 533, 516 A.2d 852, *aff'd* 514 Pa. 587, 526 A.2d 358 (1987). Finally, our scope of review of the grant of a summary judgment motion is limited to determining if the court committed an error of law or manifestly abused its discretion. *Kelly v. Curwensville Area High School,* 141 Pa.Commonwealth Ct. 449, 595 A.2d 787 (1991).

 Nelson argues that the trial court erred for the following reasons. She first argues that governmental immunity and the cases involving it are not applicable because the City, through its legislative arm, City Council, had validly waived its right to assert the defense. At the time John Miller shot the decedent with the City's service revolver, Chapter 21, Section 701 of the Philadelphia Code provided: "The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence ... of any police officer ... acting within the scope of his office or employment." In *City of Philadelphia v. Gray,* 133 Pa.Commonwealth Ct. 396, 576 A.2d 411 (1990) *appeal granted,* 526 Pa. 654, 586 A.2d 923 (1991), the City argued that this waiver was ineffective and invalid. We could not have been more clear; "[T]he City Council of the City of Philadelphia acting pursuant to its powers under its

home rule charter waived the defense of governmental immunity." *Id.* at 401, 576 A.2d at 414. *Accord City of Philadelphia v. Middleton,* 89 Pa.Commonwealth Ct. 362, 492 A.2d 763 (1985). As a result of this waiver, we held in *Gray* that the provisions concerning limitations of damages in 42 Pa.C.S. § 8553 were inapplicable. Because of this valid waiver, in effect at the time of this shooting, *Mascaro* is simply inapplicable because *it involves the immunity provisions of 42 Pa.C.S. §§ 8541–8542, provisions which do not apply to this case.* Thus the trial court's reliance and the City's arguments based on *Mascaro,* including the concept that the City cannot be liable for the criminal acts of third parties [2], must be rejected.

 In December of 1990, City Council repealed this ordinance and stated that the repealer should apply to all pending actions. The City does not even argue that the 1990 repeal applies in a retroactive manner nor would such an argument be well taken given the obvious due process concerns. *City of Philadelphia v. Patton,* 148 Pa.Commonwealth Ct. 141, 609 A.2d 903 (1992). What the City does argue is that "Nelson's ability to proceed with her lawsuit rests upon the continued existence of an ordinance which opened the courthouse door, not on the vesting of a cause of action. The anticipated continuance of existing law does not create a vested right." (City's Brief, p. 6). In support of this argument, the City cites *Lewis v. Pennsylvania Railroad Co.,* 220 Pa. 317, 69 A. 821 (1908). We find this argument puzzling because our review of *Lewis* shows that the 1990 repeal of the ordinance does not effect the present lawsuit.

In *Lewis,* the plaintiff was injured at a time when a statute was in effect that precluded recovery. Thereafter, that statute was repealed. The plaintiff sued the railroad, and argued that the repeal of the statute had the same effect as if the statute never existed, thereby giving the right of recovery to the plaintiff even though the statute was in effect at the time

---

**2.** The criminal conduct of John Miller would become relevant at trial in this case as an intervening or superseding cause. Questions of causation, however, are for the jury to decide in a negligence action.

of the injury. The court held that the repeal of the statute could not be given retroactive effect and that the plaintiff could not recover. As the court specifically stated:

If the law of the case at the time when it became complete is such an inherent element in it, a plaintiff may claim it as a vested right, on what possible ground can it be held that a defendant has no vested right with respect to an exemption or defense? The authorities make no distinction between them.

*Id.* at 324, 69 A. at 823. Thus, the repeal of the ordinance has no effect on the present cause of action which occurred prior to the repeal.

█ The City also argues that while the City is precluded from pleading immunity, this preclusion does not apply to Officer Miller in her individual capacity. We must reject this argument out of hand; the City acts through the acts of its employees, including the individual police officers. Accepting the argument of the City would have the effect of rendering meaningless the ordinance of City Council.

█ Since the entire concept of immunity is inapplicable to this case, we must accept the argument of Nelson that the City could be liable under the holding in *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957). In that case, the Supreme Court affirmed a jury verdict in favor of a shooting victim against the owner of the firearm used in the shooting. In that case, the gun was accessible to a minor child who actually pulled the trigger. As the Court stated:

The possession of this loaded Colt pistol did not constitute [the owner] an insurer against liability for injuries arising from its use nor render him liable without fault; it did, however, impose upon him a very serious and grave responsibility....

The duty imposed upon [the owner] encompassed all those persons who might suffer harm or injury from the pistol's discharge and included the pistol's use not only by [the owner] but its *use by a third person if [the owner] knew or had reason to know that such person was likely to*

*use the pistol in such a manner as to create 'an unreasonable risk of harm to others.'*

*Id.* at 344, 135 A.2d at 403 (emphasis added).[3] In the present case, Nelson argues that John Miller had an extensive history of violent behavior. For purposes of negligence, we can see no critical distinction between a person such as John Miller and the minor child in *Kuhns.*

■ The City next argues that, even if the repealed ordinance is applicable, it cannot be liable because Officer Miller was not acting within the course of her employment; this argument is premised upon our holding in *Natt v. Labar,* 117 Pa.Commonwealth Ct. 207, 543 A.2d 223 (1988). In that case, David Labar, the minor son of John Labar, a part-time police officer for the Township of Exeter, shot his playmate, Ronald Natt. The shooting occurred in the Labar house with the minor Labar using his father's service revolver. The Natts sued both Labars, the Township of Exeter, the Township's police department and Ernest Hoover, the police chief. In affirming the grant of summary judgment in favor of the Township, its police department and the chief of police, we stated:

> To support their argument, [the Natts] contend that Labar at all relevant times was subject to a 24–hour call by Exeter Township for emergency situations; he occasionally served as a police officer without wearing a township uniform; and his act of placing an unlocked and loaded service revolver inside his bedroom closet constituted a natural extension of his duties as a police officer. We disagree as Labar's actions were clearly outside the scope of his employment.

> Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in

---

**3.** In the present case, Nelson is *not* arguing that the City and Officer Miller may be liable irrespective of negligence, since her claim is based purely on the theory of negligence. *Compare Matulevich v. Matulevich,* 345 Pa.Superior Ct. 507, 498 A.2d 939 (1985).

part, by a purpose to serve the employer; and if force is intentionally used by the employee against another, it is not unexpected by the employer. *Fitzgerald v. McCutcheon,* 270 Pa.Superior Ct. 102, 410 A.2d 1270 (1979). Labar's acts, or those of his son, did not further the purpose of his employment and he was not then subject to the right of his employer's control. Moreover, he intended to perform a special assignment that evening for someone other than his employer, for which he would be compensated. . . .

The act of Labar's minor son is not one reasonably foreseeable by the employer, and merely because Labar could be summoned in an emergency, this Court may not conclude that he was acting within the scope of his employment. If we were to find otherwise, Appellees would be subjected to liability for injuries caused by the negligent conduct of all Appellees' off-duty police officers, a duty which this Court will not impose. Fitzgerald.

*Natt* at 213–14, 543 A.2d at 225–26 (citation omitted). The City thus argues that *Natt* requires us to hold as a matter of law that Officer Miller's actions with regard to her service revolver at home were outside the scope of her employment.

 Nelson first points out that the City has argued for the first time on appeal that Officer Miller's actions were outside the scope of employment. Nelson thus asserts that the City, although an appellee, is precluded from making this argument. We must disagree. While it is true that *all preliminary objections must be raised at one time,* Pa.R.C.P. 1028(b), we know of no such requirement with regard to a motion for summary judgment. The Rules of Civil Procedure require only that a motion be filed "within such time as to not delay trial." Pa.R.C.P. 1035(a). Thus, the City's failure to make such an argument as a basis for granting judgment in its favor on the initial motion for summary judgment does not preclude the City forever from making such argument. Furthermore, we are also permitted to affirm a court's order if the correct reason for affirming is apparent from the face of the order. *Rhoads v. Lancaster Parking Authority,* 103 Pa.Commonwealth Ct. 303, 520 A.2d 122 (1987).

Nelson makes another point which is well taken. She points out that the question of whether an employee is acting within the scope of employment is a question of fact. *Iandiorio v. Kriss & Senko Enterprises*, 512 Pa. 392, 517 A.2d 530 (1986); *Davis v. Tredwell*, 347 Pa. 341, 32 A.2d 411 (1943). She first points out that she never had an opportunity to marshall facts which could convince a jury that Officer's Miller's acts were within the scope of her employment. Nelson also points out that there are facts in *Natt* which the City has failed to show in the present case. For example, in *Natt*, we relied upon the fact that the officer there was going to use his revolver for a job with another employer for which compensation would be paid. We agree with Nelson that the complete absence of facts on this crucial question precludes us from holding that the present case is indistinguishable from *Natt*.[4]

■ The City argues that Nelson has failed to show that the decedent stood in any special relationship with the police, thereby establishing that the City owed the decedent a duty. The City relies upon *Yates v. City of Philadelphia*, 134 Pa.Commonwealth Ct. 282, 578 A.2d 609 (1990), and the cases cited therein, and argues that the lack of a special relationship between the police and the decedent is fatal to Nelson's case. We cannot agree. All of those cases involve plaintiffs who were alleging that the municipality was negligent in failing to provide protection from criminal conduct of third parties. Nelson's case does not rest on a failure to provide police protection; rather, it is premised upon (1) Officer Miller's handling of her weapon in making it so accessible to her husband, a man of known violent tendencies and (2) the City's failure to have policies and procedures for the handling of the officers' firearms. Nelson's case, not involving a claim for police protection, is distinguishable from the special relationship cases.

4. We should also note that Nelson has alleged that the City was negligent in failing to have policies and procedures regarding the handling of weapons at home. This question, separate and distinct from the theory of *respondeat superior*, does not involve the question of scope of employment.

The City finally argues that Gregore Sambor did not assume the office of Police Commissioner until one year after the shooting in this case. Nelson does not dispute this allegation. Thus, we must affirm the judgment granted in Sambor's favor. In all other respects the trial court's order is vacated and the matter is remanded for further proceedings.

## ORDER

NOW, August 7, 1992, the order of the Court of Common Pleas of Philadelphia, dated April 24, 1991, at No. 4770 April Term 1991, is affirmed insofar as it entered judgment in favor of defendant, Gregore Sambor. In all other respects, that order is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.